Mary Jo O'Neill, AZ Bar No. 005924
Rita Byrnes Kittle, CO Bar No. 17871
Meenoo Chahbazi, DC Bar No. 494651
**Equal Employment Opportunity Commission**
3300 N. Central Ave., Suite 690
Phoenix, AZ  85012
Telephone:  602-640-5061
Email:  meenoo.chahbazi@eeoc.gov

Attorneys for Plaintiff

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Equal Employment Opportunity Commission, ) ) ) Plaintiff, ) ) vs. ) ) Orkin, LLC, d/b/a Orkin Pest Control, and ) Orkin, Inc. d/b/a Orkin Pest Control, ) ) Defendants. ) ) | Complaint <br><br> (Jury Demand) |

## NATURE OF THE ACTION

This is an action under the Age Discrimination in Employment Act (ADEA), Title VII of the Civil Rights Act of 1964, and Title I of the Civil Rights Act of 1991 to correct alleged unlawful employment practices on the basis of age and religion, and to provide appropriate relief to Thomas Kokezas, a class of individuals who are over the age of 40, and a class of individuals who do not belong or subscribe to the religion of the Church of Jesus Christ of Latter Day Saints ("LDS"), who were adversely affected by such practices.  Defendants, Orkin, LLC d/b/a Orkin Pest Control and Orkin, Inc. d/b/a Orkin Pest Control, discriminated against Mr. Kokezas and a class of individuals by denying them equal opportunity for employment because of their religion, non-LDS.  Defendants additionally discriminated against Mr. Kokezas and a class of individuals by denying them equal opportunity for employment because of their age, over 40.   Defendants

further violated Title VII and the ADEA by retaliating against Mr. Kokezas by failing or refusing to consider him for employment after he complained to Defendants' management officials about the age and religious discrimination he was subjected to during the application process.  Defendants also printed or caused to be printed or published  advertisements indicating a preference, limitation, or specification, based on age and/or religion, in violation of both Title VII, section 704(b) and the ADEA, 29 U.S.C. § 623(e). Additionally, Defendants violated the recordkeeping requirements of Title VII and the ADEA by failing to preserve records, including applications, for the requisite period of time, in violation of Title VII, Section 709(c), 29 C.F.R. §1602.14, and section 7 of the ADEA, 29 U.S.C. § 626 (a), 29 C.F.R. 1627.3.

## JURISDICTION AND VENUE

1.Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, 1337, 1343 and 1345.  This action is authorized and instituted pursuant to Section 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e-5 (f)(1) and(3) ("Title VII"), Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a, Section 7(b) of the Age Discrimination in Employment Act of 1967, as amended, 29 U.S.C. § 626(b), which incorporates by reference Section 16(c) and 17 of the Fair Labor Standards Act of 1938 (the "FLSA"), as amended, 29 U.S.C. §§216(c) and 217.

2.The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Arizona.

3.More than thirty days prior to the institution of this lawsuit, Thomas Kokezas filed a charge of discrimination with the Commission alleging violations of Title VII and the ADEA by Defendants.  All conditions precedent to the institution of this lawsuit have been fulfilled.

## PARTIES

4.Plaintiff, the Equal Employment Opportunity Commission (the "Commission"), is the agency of the United States of America charged with the administration, interpretation and enforcement of Title VII and the ADEA, and is

expressly authorized to bring this action by Section 706(f)(1) and (3) of Title VII, 42 U.S.C. § 2000e-5(f)(1) and (3), and by Section 7(b) of the ADEA, 29 U.S.C. § 626(b), as amended by Section 2 of Reorganization Plan No. 1 of 1978, 92 Stat. 3781, and by Public Law 98-532 (1984), 98 Stat. 2705.

     5.    Defendant Orkin, Inc. underwent a merger with Defendant Orkin, LLC in approximately December 2009.

         a.    Prior to the merger of Orkin, Inc. and Orkin, LLC, Orkin, LLC had notice of Mr. Kokezas' EEOC Charge.

         b.    Orkin, Inc. is not able to provide the relief requested in this Complaint.

         c.    Orkin, LLC has maintained substantial continuity of Orkin, Inc.'s business operations since the merger.

         d.    Orkin, LLC uses the same plants and/or work facilities as were used by Orkin, Inc.

         e.    Orkin, LLC uses the same or substantially the same work force as were used by Orkin, Inc.

         f.    Orkin, LLC uses the same or substantially the same supervisory personnel as was used by Orkin, Inc.

         g.    The same jobs that existed at Orkin, Inc. now exist at Orkin, LLC.

         h.    The working conditions for jobs at Orkin, Inc. are substantially the same as the working conditions for the same jobs at Orkin, LLC.

         i.    Orkin, LLC uses the same machinery, equipment and methods of production as were used by Orkin, Inc.

         j.    Orkin, LLC produces the same product as was produced by Orkin, Inc.

         k.    Orkin, LLC provides the same services as were provided by Orkin, Inc.

         l.    Orkin, Inc. was doing business as Orkin Pest Control, until the merger with Orkin, LLC in December 2009.

  m. Since the merger in December 2009, Orkin, LLC has been doing business as Orkin Pest Control.

 6. At all relevant times, Orkin, LLC and/or Orkin, Inc., have continuously been corporations doing business in the State of Arizona, and have continuously had at least 15 employees.

 7. At all relevant times, Orkin, LLC, has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h) and Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

 8. At all relevant times, Orkin, Inc., has continuously been an employer engaged in an industry affecting commerce within the meaning of Sections 701(b), (g) and (h) of Title VII, 42 U.S.C. §§ 2000e(b), (g) and (h) and Sections 11(b), (g) and (h) of the ADEA, 29 U.S.C. §§ 630(b), (g) and (h).

## **CONCILIATION**

 9. Prior to institution of this lawsuit, the Commission's representatives attempted to eliminate the unlawful employment practices alleged below and to effect voluntary compliance with Title VII and the ADEA through informal methods of conciliation, conference and persuasion within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b) and Title VII Section 706(b).

## **GENERAL ALLEGATIONS**

 10. In approximately January or February 2007, Charging Party Thomas Kokezas viewed at least three postings on the craigslist website (hereinafter "Craig's List") for summer employment with Defendants d/b/a Orkin Pest Control. (Craig's List may be accessed at craigslist.org.)

 11. In advertisements posted by Defendants on Craig's List in January 2007, Defendants stated: "[w]e are seeking an experienced, energetic, and capable recruiter to assist in hiring LDS missionaries for seasonal employment."

12. In an advertisement posted by Defendants on Craig's List in January 2007, Defendants also stated: "Great for College students and RM's looking to work hard in the summer and go to school during the other months."

13. The abbreviation "RM" means "returned missionary."

14. In advertisements posted by Defendants on Craig's List in January 2007, Defendants also stated "call Brandon," and listed a phone number to reach "Brandon."

15. On or about early February 2007, Mr. Kokezas called the phone number posted on Defendants' Craig's List ads.

16. Mr. Kokezas' call was answered by Brandon McNeil who identified himself as "Brandon."

17. At the time Mr. Kokezas called about the Craig's List ads posted by Defendants, Mr. McNeil was Defendants' hiring manager, recruiter, and/or agent.

18. On or before January 2007, Mr. McNeil and Defendants had agreed that once Mr. McNeil assembled a team of salespersons to work as summer sales employees for Defendants, Mr. McNeil would be hired by Defendants as an area manager and paid retroactively for his recruiting work.

19. Mr. Kokezas asked Mr. McNeil about the openings for summer employment with Defendants and requested to apply for a position.

20. After Mr. Kokezas asked to apply for a position, Mr. McNeil asked Mr. Kokezas to identify his age.

21. In response to Mr. McNeil's inquiry, Mr. Kokezas stated that he was 51 years old.

22. After learning Mr. Kokezas' age, Mr. McNeil quickly ended the conversation, advising Mr. Kokezas that he would call back the next business day.

23. Mr. McNeil never called back to Mr. Kokezas.

24. After waiting approximately four days for a return call from Defendants, Mr. Kokezas again called the number in Defendants' ad on Craig's List.

25. Mr. Kokezas' call was again answered by Mr. McNeil.

26. Mr. Kokezas tape-recorded his second conversation with Mr. McNeil.

27. During the second conversation between Mr. McNeil and Mr. Kokezas, Mr. McNeil admitted that he had asked Mr. Kokezas his age.

28. During the second conversation between Mr. McNeil and Mr. Kokezas, Mr. McNeil admitted that it was his practice to ask all applicants their age.

29. During the second conversation between Mr. McNeil and Mr. Kokezas, Mr. McNeil did not offer Mr. Kokezas the opportunity to proceed in the application process.

30. During the second conversation between Mr. McNeil and Mr. Kokezas, Mr. McNeil lied about his name and stated that his name was "Brandon Jenson."

31. Mr. Kokezas then contacted Defendants' corporate office and spoke with an employee in Defendants' human resources department.

32. Mr. Kokezas reported to Defendants' corporate office that in seeking a job with Defendants, he had been discriminated against based on his age and religion.

33. Defendants' human resource department put Mr. Kokezas in contact with one of Defendants' managers.

34. Mr. Kokezas reported to Defendants' manager that in seeking a job with Defendants, he (Mr. Kokezas) had been discriminated against based on age and religion.

35. Defendants' manager told Mr. Kokezas that he should apply for a different position with Defendants than the summer position.

36. Defendants' manager told Mr. Kokezas to contact another manager for Defendants in a different department, commercial sales.

37. Mr. Kokezas attempted to contact the manager in the commercial sales department but received no response from that manager.

38. Mr. Kokezas was not provided with an opportunity to apply for the summer position or any other position with Defendants.

39. Mr. Kokezas was not provided with an opportunity to apply for or any other position with Defendants.

40. Between January and May 2007 Defendants hired 19 summer sales representatives and/or area managers in Arizona.

41. All of the employees hired by Defendants for summer sales representative and/or area manager jobs in Arizona in 2007 were under age 30.

42. Of the 19 employees Defendants hired for summer jobs in 2007 in Arizona, approximately one-half were LDS.

43. All but one of the summer sales representatives Mr. McNeil hired for Defendants in Arizona in 2007 were LDS.

44. In approximately April 2007, Defendants hired Mr. McNeil retroactively as an Area Manager/Recruiter effective January 1, 2007.

45. Defendants paid Mr. McNeil retroactively for his position as Area Manager/Recruiter.

46. Defendants did not keep any records of applications, resumes, and other documents submitted by individuals who sought summer sales representative positions in Arizona in 2006.

47. Defendants did not keep any records of applications, resumes, and other documents submitted by individuals who sought summer sales representative positions in Arizona in 2007 and were not hired.

## FIRST CLAIM FOR RELIEF

(ADEA -- Age Discrimination Against a Class of Individuals)

48. Plaintiff re-alleges the foregoing paragraphs 1-47 of this Complaint.

49. Since at least January 2007, Defendants have engaged in unlawful employment practices within the state of Arizona in violation of Section 623(a)(1) of the ADEA, 29 U.S.C. § 623 (a)(1) by discriminating against a class of individuals, including Thomas Kokezas, on the basis of age, over 40, during the application and hiring process.

50. The effect of the practices complained of in paragraphs 1-47 above has been to deprive equal employment opportunities to individuals over the age of 40.

51. The unlawful employment practices complained of in paragraphs 1-47 above were and are willful within the meaning of Section 7(b) of the ADEA, 29 U.S.C. § 626(b).

## SECOND CLAIM FOR RELIEF

(Title VII-- Religious Discrimination Against a Class of Individuals)

52. Plaintiff re-alleges the foregoing paragraphs 1-51 of this Complaint.

53. Since at least January 2007, Defendants have engaged in unlawful employment practices within the state of Arizona in violation of Section 703(a) of Title VII, 42 U.S.C. §§ 2000e-2(a) by discriminating against a class of individuals, including Thomas Kokezas, on the basis of religion during the application and hiring process.

54. The effect of the practices complained of in paragraphs 1-51 above has been to deprive equal employment opportunities to individuals who are non-LDS.

55. The unlawful employment practices complained of in paragraphs 1-51 above were and are intentional.

56. The unlawful employment practices complained of in paragraphs 1-51 above were and are done with malice or with reckless indifference to the federally protected rights of individuals who are non-LDS.

## THIRD CLAIM FOR RELIEF

(ADEA and Title VII — Retaliation)

57. Plaintiff re-alleges the foregoing paragraphs 1-56 of this Complaint.

58. Since at least January or February 2007, Defendants have engaged in unlawful employment practices in violation of Section 623(d) of the ADEA, 29 U.S.C. § 623(d), and/or Section 704(a) of Title VII, 42 U.S.C. § 2000e-3(a), by failing or refusing to consider Mr. Kokezas for employment because he opposed unlawful employment practices by complaining to Defendants' management officials about discrimination in hiring on the basis of age and religion.

59. The effect of the practices complained of above has been to deprive Charging Party of equal employment opportunities and otherwise adversely affect his ability to apply for employment because he opposed practices he reasonably believed to be illegal.

60. The unlawful employment practices described above were intentional.

61. The unlawful employment practices described above were done willfully and/or with malice or with reckless indifference to the federally protected rights of Charging Party.

## FOURTH CLAIM FOR RELIEF

(ADEA—Discriminatory Advertisements)

62. Plaintiff re-alleges the foregoing paragraphs 1-61 of this Complaint.

63. Since at least January 2007, Defendants have printed or caused to be printed or published advertisements relating to employment which indicate a preference, specification, limitation, or discrimination based on age, in violation of Section 623(e) of the ADEA, 29 U.S.C. § 623(e).

64. The unlawful employment practices described above were intentional.

65. The unlawful employment practices described above were done willfully.

## FIFTH CLAIM FOR RELIEF

(Title VII—Discriminatory Advertisements)

66. Plaintiff re-alleges the foregoing paragraphs 1-65 of this Complaint.

67. Since at least January 2007, Defendants have printed or caused to be printed or published advertisements relating to employment which indicate a preference, specification, or limitation based on religion, in violation of Section 704(b) of Title VII, 42 U.S.C. § 2000e-3(b).

68. The unlawful employment practices described above were intentional.

69. The unlawful employment practices complained of above were and are done with malice or with reckless indifference to the federally protected rights of individuals who are non-LDS.

## SIXTH CLAIM FOR RELIEF

(Title VII-Failure to Preserve Records)

70. Since at least January 2006, Defendants have failed, in violation of Section 709(c) of Title VII, 42 U.S.C. § 2000e-8(c), and 29 C.F.R. §1602.14, to make and preserve records regarding applicants and employees including job applications, resumes,

and other documents submitted by individuals who sought summer sales representative or area manager positions.

## SEVENTH CLAIM FOR RELIEF

(ADEA-Failure to Preserve Records)

71. Since at least January 2006, Defendants have failed, in violation of section 7 of the ADEA, 29 U.S.C. § 626 (a), 29 C.F.R. 1627.3, to make and preserve records regarding applicants and employees, including job applications, resumes, and other documents submitted by individuals who sought summer sales representative or area manager positions in Arizona.

## PRAYER FOR RELIEF

Wherefore, the Commission respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns and all persons in active concert or participation with them, from: (1) refusing to hire employees who are 40 years old or older because of their age and from any other employment practice which discriminates on the basis of age against individuals 40 years of age and older; (2) affording less favorable treatment to non-LDS job applicants because of their religion and from any other employment practice which discriminates on the basis of religion; (3) engaging in retaliation for opposition to unlawful employment practices; (4) printing or causing to be printed or published advertisements relating to employment which indicate a preference, specification, limitation, or discrimination, in violation of Section 623(e) of the ADEA, 29 U.S.C. § 623(e) or Section 704(b) of Title VII, 42 U.S.C. § 2000e-3(b); and (5) failing or refusing to make and preserve records relevant to the determination of whether unlawful employment practices have been or are being committed, including job applications, resumes, and other documents.

B. Order Defendants to institute and carry out policies, practices and programs which provide equal employment opportunities for individuals 40 years of age and older and non-LDS individuals, and which eradicate the effects of its past and present unlawful employment practices.

C.   Grant a judgment requiring Defendants to pay appropriate back wages in an amount to be determined at trial, an equal sum as liquidated damages, and prejudgment interest to individuals who were denied employment because of age, including but not limited to Mr. Kokezas and a class of individuals who are 40 years of age or older, who were adversely affected by the unlawful practices described above.

D.   Order Defendants to make whole Mr. Kokezas and a class of non-LDS individuals, by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of its unlawful employment practices

E.   Order Defendants to make whole all individuals adversely affected by the unlawful practices described above, by providing the affirmative relief necessary to eradicate the effects of its unlawful practices, including but not limited to rightful - place reinstatement of Mr. Kokezas, the class of protected age group individuals, and the class of non-LDS individuals or, alternatively, front pay.

F.   Order Defendants to make whole Mr. Kokezas and a class of non-LDS individuals, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs 1-71 above, including job search and relocation expenses, in amounts to be determined at trial.

G.   Order Defendants to make whole Mr. Kokezas, and a class of non-LDS individuals, by providing compensation for past and future nonpecuniary losses resulting from the unlawful practices complained of in paragraphs 1-71 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

H.   Order Defendants to make whole Mr. Kokezas by providing compensation for past and future pecuniary losses resulting from the unlawful retaliatory practices described in paragraphs 1-71 above, including job search and relocation expenses, in amounts to be determined at trial.

I.   Order Defendants to make whole Mr. Kokezas by providing appropriate back pay with prejudgment interest, in amounts to be determined at trial, and other affirmative relief necessary to eradicate the effects of their unlawful retaliatory practices.

J.   Order Defendants to make whole Mr. Kokezas, and a class of non-LDS individuals, by providing compensation for past and future nonpecuniary losses resulting from the unlawful retaliatory practices complained of in paragraphs 1-71 above, including emotional pain, suffering, inconvenience, loss of enjoyment of life, and humiliation, in amounts to be determined at trial.

K.   Order Defendants to pay punitive damages for their malicious and/or reckless conduct described in paragraphs 1-71 above, in amounts to be determined at trial.

L.   Grant such further relief as the Court deems necessary and proper in the public interest.

M.   Award the Commission its costs of this action.

## JURY TRIAL DEMAND

The Commission requests a jury trial on all questions of fact raised by its Complaint.

RESPECTFULLY SUBMITTED this 19th day of May, 2010.

P.  DAVID LOPEZ
General Counsel

JAMES L. LEE
Deputy General Counsel

GWENDOLYN YOUNG REAMS
Associate General Counsel

EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
1801 L Street, NW
Washington, D.C.  20507

s/ Mary Jo O'Neill

MARY JO O'NEILL
Regional Attorney

s/ Rita Byrnes Kittle
Rita Byrnes Kittle
Supervisory Trial Attorney

s/ Meenoo Chahbazi
MEENOO CHAHBAZI
Trial Attorney

EQUAL EMPLOYMENT OPPORTUNITY
COMMISSION, Phoenix District Office
3300 N. Central Ave., Suite 690
Phoenix, Arizona 85012

Attorneys for Plaintiff

**PLEASE NOTE:**
**For the purposes of service upon the EEOC,**
**it is sufficient that pleadings, notices, and**
**court documents be served upon the Trial Attorneys.**